**FILED**

**April 20, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:30 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Lea Ann Lewis | ) Docket No. 2015-06-0456 |
| | ) |
| v. | ) |
| | ) State File No. 51493-2015 |
| Molly Maid, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert Durham, Judge | ) |

---

### Affirmed and Remanded – Filed April 20, 2016

---

In this interlocutory appeal, the employee alleged she developed back pain during an initial training period with the employer, requiring her to discontinue work on the third day of training and seek emergency medical care. The employer's representative acknowledged she was aware of the employee's complaints of back pain, but denied that the employee related those complaints to her job. Rather, the employer asserted that the employee attributed her problems to a prior injury. Following an expedited hearing, the trial court concluded the employee did not come forward with sufficient evidence to establish the compensability of her claim, but did come forward with sufficient evidence to support an order requiring the employer to provide a panel of physicians. The employer appealed. Having carefully reviewed the record, we affirm the trial court's determination and remand the case for further proceedings.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Gordon C. Aulgur, Lansing, Michigan, for the employer-appellant, Molly Maid

Lea Ann Lewis, Sebastian, Florida, pro se

1

## Factual and Procedural Background

Lea Ann Lewis ("Employee"), a Florida resident, was employed by Molly Maid ("Employer") in Davidson County, Tennessee as a housekeeper-in-training for three days in late October 2014. During the course of her training, Employee was required to use a specialized vacuum cleaner that strapped onto her back, which she testified caused her to begin experiencing back pain on her first day. On the second day of training, her trainer declined her request to help adjust the straps of the device. On the third day of training, October 31, 2014, she informed her trainer she was unable to continue working and asked to return to the office. Upon her arrival at the office, she informed a representative of the employer, Maricela Farrar, that she was unable to continue working due to back pain and intended to go to the emergency room. Ms. Farrar then gave Employee a "return to work job description" form and instructed her to request the physician to complete it.

On November 5, 2014, Employee came to Employer's office to return uniforms she had borrowed and to turn in the "return to work job description" form. Ms. Farrar advised her that there was no work available within the restrictions assigned by the physician. During that conversation, Employee became aware that a non-refundable uniform fee would be deducted from her paycheck even though she never received a uniform of her own. According to Ms. Farrar, Employee became upset and only then advised Ms. Farrar that she intended to file a claim for workers' compensation benefits. Employee disputed the implication that she threatened a workers' compensation claim in retaliation for the uniform fee charge but acknowledged that she told Ms. Farrar she planned to assert a claim for workers' compensation benefits as a result of her back pain.

At some time thereafter, Employee moved to Florida. She filed a petition for benefit determination and a request for expedited hearing, seeking payment of temporary disability benefits and medical benefits. Following an evidentiary hearing, during which Employee and other witnesses participated by telephone, the trial court issued an order compelling Employer to provide a panel of physicians within Employee's community from which she could choose an authorized physician. The trial court denied Employee's request for temporary disability benefits and reimbursement of past medical expenses, concluding that "she has provided insufficient evidence to establish she is likely to prevail on the issue of compensability." Employer timely appealed.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party

"have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

In *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015), we concluded that, at an expedited hearing, an employee need not prove each and every element of his or her claim by a preponderance of the evidence in order to obtain temporary disability benefits or medical benefits. Instead, we emphasized that an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1). *Id.* Thus, while an injured worker retains the burden of proof at all stages of a workers' compensation claim, a trial court can grant relief at an expedited hearing if the court is satisfied that an employee has met the burden of showing that he or she is likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2014).

However, "[t]his lesser evidentiary standard, . . . does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at * 6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Therefore, in the present case, Employee had the burden of coming forward with sufficient proof that a work injury occurred, as defined in Tennessee Code Annotated section 50-6-102(13) (2014), to allow the trial court to conclude she is likely to meet the preponderance of the evidence standard at a hearing on the merits.

The trial court in the present case concluded that Employee did not come forward with sufficient evidence to establish that she suffered a compensable injury as a result of

3

operating the vacuum cleaner within the course and scope of her employment. However, the trial court determined that Employee did come forward with sufficient evidence to establish her entitlement to a panel of physicians. Specifically, the trial court noted Employee's testimony that she experienced back pain after operating the vacuum during each of her three days of training and that she promptly informed her trainer and Ms. Farrar of her back pain. She further alleged that the trainer refused to assist her in adjusting the straps of the vacuum and instructed her to use the vacuum even after she complained of back pain. Employer did not refute any of these allegations.

Moreover, Ms. Farrar admitted that Employee did not appear to be experiencing back pain at the time she interviewed for the job. Ms. Farrar acknowledged Employee complained of back pain after one or more of her training sessions and admitted she was aware Employee intended to go to the emergency room on October 31, 2014 for her back pain. The record is clear that Employee was not offered a panel of physicians because Ms. Farrar believed Employee's back pain related only to a preexisting condition.

In its position statement on appeal, Employer insists that the trial court's decision to order a panel of physicians was based solely on Employee's testimony and that it had effectively challenged her credibility during the expedited hearing. While we agree that Employee's credibility was called into question on several issues, we find that the trial court did not rely solely on Employee's testimony. In fact, the trial court specifically commented that the witness called by Employee, Mr. Schaefer, "corroborated [Employee's] testimony" and that "[t]he medical evidence presented, although not entirely clear, supports [Employee's] allegation that she began suffering severe back pain while working for [Employer], which she attributed to using the vacuum cleaner." Finally, the trial court commented, "[t]here is no medical proof establishing otherwise." Therefore, we find, contrary to Employer's argument, that the trial court weighed Employee's testimony in light of Employer's challenges to her credibility and also relied on the testimony of Mr. Schaefer and the medical records submitted by the parties to reach its determination.

Thus, under the circumstances presented in this case, we agree that Employee came forward with sufficient evidence to support a conclusion that she experienced back pain after operating a vacuum cleaner in late October 2014. We also agree that, while this evidence was insufficient to establish the compensability of her claim by a preponderance of the evidence, it was sufficient to support an order compelling Employer to provide a panel of physicians.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision to order a panel of physicians. We further find that the trial court's decision does not violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's order is affirmed and the case is remanded to the trial court for any further proceedings as may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board



**FILED**

**April 20, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:30 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Lea Ann Lewis | ) | Docket No. 2015-06-0456 |
| | ) | |
| v. | ) | |
| | ) | State File No. 51493-2015 |
| Molly Maid, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 20th day of April, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Lea Ann Lewis | | | | | X | threewolves@gmail.com |
| Gordon C. Aulgur | | | | | X | Gordon.Aulgur@accidentfund.com |
| Robert Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov